IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSELL O'KANE,

        Plaintiff,

v.                                                           CIV 01-67 JP/KBM

LARRY G. MASSANARI,[1]
Commissioner of Social Security,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion to Reverse or Remand. *Doc. 10.* Defendant requests a remand so that the Administrative Law Judge ("ALJ") can obtain any new medical evidence available, obtain vocational expert testimony, and reevaluate the matter in its entirety. *Doc. 12.* I agree.

Plaintiff argues that his mental impairment of depression meets the listing § 12.04 and therefore outright reversal is warranted. He asserts that there is no need for additional evidence, a reevaluation of residual functional capacity, or taking vocational expert testimony on remand because "no evidence" contradicts the opinion of his treating psychiatrist (Dr. Leo Kreuz of the Veteran's Administration) that Plaintiff meets the listing.[2]

---

[1] On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with FED. R. CIV. P. 25(d)(1), Mr. Massanari is substituted for Kenneth S. Apfel as the Defendant in this action.

[2] Plaintiff concedes that the Veteran Administration agency's finding of 100% disability is not binding on the Secretary. *Doc. 13* at 2.

Both in the administrative proceedings and here, Plaintiff relies exclusively on Dr. Kreuz's findings. *See Doc. 11* at 13, *Doc. 13* at 2-4; *Administrative Record* ("*Record*"). The ALJ, however, gave "little weight" to Dr. Kreuz's findings because the physician filled out his PRT form a year after his last evaluation of Plaintiff. *Id.* at 14. Further, Dr. Jacob Tendler, a nontreating, nonexamining evaluator, found in his Psychiatric Review Technique Form ("PRT") that Plaintiff did not meet the impairment severity "B" criteria of the listing to qualify as disabled. *See Record* at 100, 150. The ALJ's PRT form found likewise. *Id.* at 25.

Although the ALJ erred in not discussing the evidence he considered in reaching his own PRT findings, due to Dr. Tendler's findings I cannot conclude the record is entirely devoid of evidence as Plaintiff contends. Having carefully reviewed the record, and because the terms of remand outlined in Defendant's response take into account Plaintiff's other objections to the ALJ's decision, I therefore find remand is appropriate. *See Cruse v. United States Dept. of Health & Human Servs.,* 49 F.2d 614, 619 (10th Cir. 1995).

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion be granted in part and the matter remanded to the Secretary for further proceedings consistent with Defendant's response.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE